THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE MUTUAL BENEFIT LIFE ASSOCIATION OF AMERICA, Defendant.

THOMAS C. SMITH, Appellant; SAMUEL W. MILBANK, Receiver of THE MUTUAL BENEFIT LIFE ASSOCIATION OF AMERICA, Respondent.

*Insolvent corporation — lien upon its assets in a foreign jurisdiction — must exist before entry of judgment dissolving the corporation — foreign attachment, proof of its existence.*

In order to maintain a lien upon the assets of a corporation, no matter where they may be situated, it must be shown that such lien existed prior to the entry of a judgment dissolving the corporation.

Where the only proof from which a determination could be made, as to whether an attachment had been levied in the State of Connecticut prior to the entry of a judgment dissolving a corporation in the State of New York, consisted in two returns of a sheriff of a county in the State of Connecticut, which were contradictory, one of which returns was equivocal in its language and evidently false in respect to its date, such returns will be disregarded as being unreliable and affording no basis for a judgment.

APPEAL by Thomas C. Smith from so much of an order of the Supreme Court, granted at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1895, as directs and requires him within ten days after the service of a copy of such order to discontinue and withdraw his action against The Mutual Benefit Life Association of

America pending in the State of Connecticut, and all attachments and proceedings taken therein.

*Wilmore Anway* and *Chas. H. Truax,* for the appellant.

*Henry W. Sackett,* for the receiver, respondent.

Van Brunt, P. J.:

The defendant in this action is a domestic corporation, and proceedings having been taken for its dissolution, on the 20th of October, 1894, a judgment dissolving such corporation was entered in said action, which judgment contained an injunction clause restraining all persons whatsoever from commencing any action or proceeding against the defendant or from taking any further proceedings in any action or proceeding already commenced.

It is claimed that prior to the entry of this judgment the appellant, Thomas C. Smith, obtained and caused to be levied an attachment upon the property of the defendant in the State of Connecticut, and the only question necessary to be determined upon this appeal is whether such attachment was levied prior to the entry of the judgment aforesaid or subsequent thereto.

It is clear that in order to maintain his lien upon the assets of the corporation, no matter where they may be situated, the appellant Smith must show that such lien existed prior to the entry of the judgment. This fact, it is claimed upon the part of the appellant Smith, has been shown by the papers which were used upon the motion in the court below. Upon an examination of these papers we find no proof whatever as to what, under the laws of Connecticut, constitutes a valid levy It is true that in one of the affidavits filed upon the part of the appellant a conclusion is stated, but no facts as to what the law of the State of Connecticut was in that respect.

We further find that the sheriff makes two contradictory returns, the latter one being equivocal in its language and evidently false in respect to its date. In the return first appearing in the papers the sheriff certifies, under date October 22, 1894, that he then and there levied the attachment. Upon the part of the appellant a certificate of the same sheriff is offered in evidence, bearing date the 17th day of October, 1894, in which the sheriff certified that he levied the

attachment on the seventeenth day of October, and left with the garnishee a true and attested copy of the writ, summons and order of notice, which was manifestly false as the order of notice was not made until the 19th of October, 1894. No reliance could be placed upon certificates of this character as they are manifestly untrue. The court was correct in disregarding the same as being utterly unreliable and affording no basis for a judgment. There would seem, therefore, to be no reason for interfering with the order of the court below, so far as it was appealed from, and it should be affirmed, with costs.

PARKER and O'BRIEN, JJ., concurred.

Order affirmed, with costs.